UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH BROOME,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 13-cv-08860 |
| | ) |
| **BOARD OF TRUSTEES OF ILLINOIS COMMUNITY COLLEGE DISTRICT No. 508, d/b/a CITY COLLEGES OF CHICAGO,** | ) |
| | ) |
| *Defendant.* | ) |

**COMPLAINT AND JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

NOW COMES Plaintiff, JOSEPH BROOME ("Broome"), by and through his attorney, MASON S. COLE of the law firm of COLE SADKIN, LLC, and for his Complaint against Defendant, BOARD OF TRUSTEES OF ILLINOIS COMMUNITY COLLEGE DISTRICT No. 508, d/b/a CITY COLLEGES OF CHICAGO ("CCC"), and hereby states as follows:

**INTRODUCTION**

1. The present action is lodged against the Defendant, CCC, seeking compensatory damages, punitive damages, and injunctive relief for violation of the Americans with Disabilities Act and Rehabilitation Act.

**JURISDICTION AND VENUE**

1

2. Plaintiff brings this action under the American with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA") and Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. § 794 (the "Rehabilitation Act").

This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States;

    b. 28 U.S.C. § 1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c. 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

**PARTIES**

4. Plaintiff, Broome, is a citizen of the United States and resides in the County of Cook, State of Illinois, which is in this judicial jurisdiction.

5. Defendant, CCC, is a body politic and corporate created pursuant to the Illinois Public Community College Act. It operates community colleges throughout the metropolitan Chicago area for the purpose of providing learning opportunities to Chicago residents. A board of trustees governs it.

6. Defendant, CCC, is a public entity for the purposes of the ADA pursuant to 42 U.S.C. § 12131(1), and is located in the County of Cook, State of Illinois, which is in this judicial district. Defendant provides programs and/or activities receiving federal assistance

acting under the color of state and federal law. CCC receives funding from three major sources: local property taxes, student tuition and fees, and state appropriations.

## STATEMENT OF FACTS

<u>Plaintiff's Need for Accommodation</u>

7. Plaintiff, Joseph Broome, is legally blind.

8. In or around fall 2009, Broome enrolled as a full-time student at Harold Washington College ("HWC"), a college within the City Colleges of Chicago system.

9. In or around fall 2009, and in all subsequent semesters, Broome provided adequate notice of the nature of his disability to the HWC Disabilities Access Center ("DAC") and requested accommodations for his visual impairment.

10. Throughout his enrollment at HWC, Broome was approved to receive note-takers; tape recorders; extended time to take tests, quizzes, and in-class assignments; use of a laptop computer in the classroom with assistive technology software to read electronic texts; hand-outs or powerpoints for accessibility; and textbooks in electronic format. *See* Accommodations Memos, attached as **Exhibit A.**

11. Broome also utilized tutoring services and the Writing Lab at HWC.

<u>Defendant's Unwillingness to Accommodate</u>

12. Despite being approved to receive the necessary auxiliary aids to facilitate an equal opportunity to participate in the educational program at HWC, Broome experienced frequent, substantial, and continuing difficulty with these accommodations. *See* January 4, 2012 Email Correspondence, attached as **Exhibit B.**

13. Note-takers assigned to attend class with Broome and take adequate notes were not present more than half of the time. *See* Office for Civil Rights File Memos, attached as **Exhibit C.**

14. In or around fall 2010, Broome's ability to keep up with class was affected by a shortage of note-takers resulting in a Satisfactory Academic Progress hold. *See* DAC Memo, attached as **Exhibit D.**

15. When Broome requested that his professors give a copy of any upcoming test to the DAC for the exam to proctored there, on multiple occasions these exams were not delivered to the DAC. Thus, Broome was unable to fulfill his examinations on time and fell behind the regular class schedule.

16. Tutors assigned to Broome did not explain assignments to him or assist him with his work; they merely did the work for him. *See* **Exhibit C.**

17. Finally, while taking a computer course, Broome explained to the professor that he could not see the presentations presented in class. Broome requested that the professor provide him with a handout of the lecture before each class so that he could fully comprehend the information being presented; however, this accommodation was never sufficiently addressed by Broome's professor. *See* **Exhibit C.**

18. As a result of the lack of and ineffectiveness of auxiliary aids provided to Broome, he was placed on approximately three (3) Satisfactory Academic Progress holds resulting in five dropped classes.

19. As a result of the three (3) Satisfactory Academic Progress holds, Broome was forced to sit out the spring 2012 semester.

20. Broome made every effort to discuss the ineffectiveness of the auxiliary aids provided to him but was met with continued and increasing administration resistance.

21. Instead of facilitating a solution to the problem and ensuring Broome received all of the necessary auxiliary aids he was qualified for, administrators refused to meet with Broome, and security harassed him on multiple occasions. *See* Email Correspondence to CCC, attached as **Exhibit E.**

Harassment

22. In one particular incident, Broome had scheduled a time to take a midterm exam in the Business Office and cleared his presence on campus with administration, as he always felt he was compelled to do. When Broome arrived on campus, security would not permit him to enter the building. The Dean of Instruction then stepped in and allowed Broome to take the exam; however, security was present the whole duration of the test causing undue stress.

23. During another incident, Broome was on his way out of a building on campus after turning in an assignment and seeking help from a professor when he was physically forced into the campus security office and questioned by the Security Chief at HWC.

24. Further, Broome heard a security officer call him a "blind black bitch" under his breath as the officer followed him around campus.

25. Due to incidents surrounding the harassment by security guards, and Broome's frustrations with being stonewalled by administrators, he was dismissed from HWC in summer of 2012.

Attempts at Resolution

26. On or about August 17, 2012, Broome filed a discrimination complaint ("Complaint") against CCC with the United States Department of Education Office for Civil

Rights Department ("OCR"). *See* Office for Civil Rights Discrimination Complaint, attached as **Exhibit F.**

27. On or about February 7, 2013, Broome and the CCC executed an Early Complaint Resolution Agreement ("Agreement") in response to Broome's OCR Complaint. *See* Early Complaint Resolution Agreement, attached as **Exhibit G.**

28. Pursuant to this Agreement, CCC agreed that Broome's dismissal from HWC in the summer of 2012 would not be reflected on Broome's academic transcript, and that HWC would not release any of Broome's disciplinary records to any third party unless specifically requested by subpoena, court order, or other legal means.

29. The Agreement also stipulated that Broome is not to be prevented from applying or being admitted to any other college in the CCC system.

30. On or about September 25, 2013, Ms. Hall of Kennedy King College informed a director at Alderman Willie Cochran's office that Broome was expelled from HWC.

31. Ms. Hall also incorrectly informed the director that Broome is not allowed on campus property and cannot register at any college in CCC system. *See* Email Correspondence from Monica Luna, attached as **Exhibit H.**

## COUNT I
## DISCRIMINATION BASED ON DISABILITY
## (TITLE II of ADA)

32. Plaintiff incorporates and restates each of the above paragraphs 1 through 31 as if fully set forth herein.

33. Discrimination as defined by Title II of the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)

34. Furthermore, Title II of the ADA at 28 C.F.R. § 35.160(b)(1) states that "a public entity shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity".

35. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2) in that he suffers from a visual impairment that substantially limits his ability to read, learn, and concentrate, and was qualified to receive a diploma from HWC in that his academic performance, when supplied with effective auxiliary aids, met the standards imposed by HWC for obtaining a degree.

36. Plaintiff was provided ineffective auxiliary aids from HWC causing him to perform poorly in numerous courses at HWC, and not allowing Plaintiff to achieve his maximum academic potential.

37. Plaintiff was damaged in that he was deprived of the right to continue his education at HWC. Further, Plaintiff was not able to meet his expected 2012 graduation date, and has not been able to continue his post-secondary education. Such impediments have significantly and detrimentally hindered his ability to obtain a qualified, well-paying occupation.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT

38. Plaintiff incorporates and restates paragraphs 1 through 31 as if fully set forth herein.

39. The Rehabilitation Act and its implementing regulations require that Defendant administer programs/activities in the most integrated setting appropriate to the needs to the qualified handicapped/disabled persons. 28 C.F.R. § 41.51 and 45 C.F.R § 84.4.

40. Plaintiff is a "disabled/handicapped" individual as defined in 29 U.SC. § 705(20)(A) in that he suffers from a visual impairment that substantially limits his ability to read, learn, and concentrate.

41. Plaintiff was a qualified applicant to receive a diploma from HWC in that his academic performance, when supplied with effective auxiliary aids, met the standards imposed by HWC for obtaining a degree.

42. Plaintiff was provided ineffective auxiliary aids from HWC causing him to perform poorly in numerous courses at HWC, and not allowing Plaintiff to achieve his maximum academic potential.

43. Plaintiff was damaged in that he was deprived of the right to continue his education at HWC. Further, Plaintiff was not able to meet his expected 2012 graduation date, and has not been able to continue his post-secondary education such impediments have significantly and detrimentally hindered his ability to obtain a qualified, well-paying occupation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOSEPH BROOME, respectfully requests that this Honorable Court issue judgment in his favor on all applicable Counts in this Complaint, and grant Plaintiff an award that fully compensates him for all damages approximately suffered because of the Defendant's illegal and unjust practices in an amount in excess of two hundred and fifty thousand dollars ($250,000.00), including:

i. that process be issued and served as provided by law requiring Defendant to appear and answer or face judgment;

ii. an order compelling the Defendant to cease and desist in their misconduct towards Plaintiff and other similarly situated students, and requiring Defendant to abide by the Americans with Disability Act and the Rehabilitation Act;

iii. an order enjoining the Defendant's misconduct towards Plaintiff and other similarly situated students, and enjoining the Defendant from further violations of the American with Disabilities Act and Rehabilitation Act;

iv. compensatory, incidental, consequential and liquidated damages, and all other equitable and monetary relief as justice requires against Defendant jointly and severally;

v. punitive damages to be determined by the Court and to the extent permitted by law;

vi. other equitable relief, including 1) readmission to Harold Washington College; 2) enforcement of the previously signed Early Complaint Resolution Agreement; and 3) the opportunity to retake of all assignments, tests, and measurements, where the grade and outcome did not reflect Broome's academic historic performance.

vii. compensation for pain, suffering, and loss of reputation;

viii. attorney's fees, costs, and expenses, including expert witness fees against Defendant jointly and severally;

ix. prejudgment interest at the prevailing interest rate provided by law; and

x. any further relief permitted by law and such other forms of relief that this Court deems just and proper.

**Broome hereby demands a jury trial.**

Dated: December 12, 2013     Respectfully Submitted,

                                                     By:    /s/ Mason S. Cole_____
                                                            Mason S. Cole

Cole Sadkin, LLC
233 South Wacker Drive, Suite 8400
Chicago, IL 60606
colesadkin.com
(312) 283-8366
mcole@colesadkin.com
*Attorneys for Plaintiff*